UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CARY CAMPBELL                                                                                           PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:10-CV-00321

UNIVERSITY OF LOUISVILLE, *et al.*                                                              DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court on three motions: 1) A motion for summary judgment made by defendants University of Louisville ("U of L"), U of L Board of Trustees, and Dale Billingsley, Associate Provost of U of L (DN 37); 2) A motion for judgment on the pleadings made by defendant Kentucky Council on Postsecondary Education (DN 66); and 3) Plaintiff Cary Campbell's motion for a hearing on the summary judgment motion (DN 72). For the reasons set forth herein, defendants' motions for summary judgment and judgment on the pleadings will be granted and plaintiff's motion for a hearing will be denied.

### BACKGROUND

Campbell attended college at the University of West Florida in Pensacola, Florida, where he paid in-state tuition. Campbell subsequently applied to nine law schools, two of which–including U of L–were located in Kentucky. On his application to U of L, Campbell identified himself as a Florida resident. He accepted an offer to attend law school at U of L in March of 2006. In July of 2006, Campbell and his wife bought a house in Louisville. Both of them obtained Kentucky driver's licenses, registered their vehicles in Kentucky, and registered to vote in Kentucky.

In August of 2006, Campbell enrolled in U of L's law school. U of L assessed him tuition at the rate for out-of-state resident students, meaning he was required to pay approximately $25,000 per year, rather than the in-state resident tuition rate of approximately $11,000 per year. On September 11, 2006, Campbell filed an appeal of his out-of-state resident tuition assessment for his first semester of school. The appeal was denied, first by an appeals officer in October 2006 and then by the University's Residency Review Committee in November 2006. Campbell sought an administrative hearing, which was conducted on April 13, 2007. The hearing officer issued a recommended order on July 13, 2007, to which Campbell objected. On August 9, 2007, Billingsley sent a letter to Campbell denying his appeal. For each semester thereafter that Campbell was in law school prior to his graduation in May 2009, he was assessed tuition at the non-resident rate. Campbell appealed some, but not all, of his out-of-state resident tuition assessments; each appeal was denied.

In May 2010, Campbell filed a complaint against U of L, the U of L Board of Trustees, and Billingsley, alleging violations of the constitution under 42 U.S.C. § 1983. Campbell amended the complaint to add state-law claims. In February of 2011, Campbell filed a second amended complaint, in which he added the Kentucky Council on Postsecondary Education and the Commonwealth of Kentucky as defendants.

In his § 1983 claims, Campbell contended that the defendants violated his due process rights by arbitrarily and unreasonably determining that he was a nonresident, in violation of 13 KAR 2:045 (the "Guidelines"), which sets forth the procedures and guidelines for determining a person's residency status for tuition assessment purposes at state-supported postsecondary education institutions. He also claimed that the Guidelines themselves violate due process,

Case 3:10-cv-00321-CRS-JDM Document 77 Filed 03/02/12 Page 3 of 12 PageID #: 589

because they impose an "arbitrary and capricious" presumption of nonresident status to students not residing within Kentucky at the time of their application to a law school, and because they deny students a "fair hearing" from an unbiased decision-maker. He further claimed that the Guidelines impose an "arbitrary and unreasonable" burden on the due process right to marry because one factor to be considered under the Guidelines is whether a person marries a Kentucky resident, making it impossible for individuals already married to non-Kentucky residents, such as Campbell, to meet that factor. Campbell also alleged that he was denied his right to equal protection because he was treated differently from similarly-situated students of U of L's law school and similarly-situated Kentucky residents, as well as because the Guidelines treated him differently based upon his marital status. In Campbell's state-law claims, he alleged that U of L breached a contract with him and committed fraud. As redress for the alleged wrongs, Campbell sought monetary damages in the form of restitution, punitive damages, and interest. He further sought a declaration that the Guidelines are illegal with an injunction preventing the defendants from future use of the Guidelines.

On June 1, 2011, this court granted the Commonwealth of Kentucky's motion to dismiss the complaint as to itself. U of L, the U of L Board of Trustees, and Billingsley have now moved for summary judgment, and the Council on Postsecondary Education has moved for judgment on the pleadings. Campbell seeks a hearing on the defendants' summary judgment motion.

## ANALYSIS

### I. The Applicable Standards of Review

Motions for judgment on the pleadings brought pursuant to Rule 12(c) of the Federal Rules of Civil Procedure are adjudicated using the same standard that applies to a review of a

- 3 -

motion to dismiss under Rule 12(b)(6). *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). Thus, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to a judgment." *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973); *see Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

To win on a motion for summary judgment, the movant must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact arises when there is sufficient evidence on which the jury could reasonably find for the non-moving party. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1985). The disputed issue need not be resolved conclusively in favor of the non-moving party, but that party must present sufficient probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-289 (1968). The evidence must be construed in the light most favorable to the non-moving party. *Summers v. Leis*, 368 F.3d 881, 885 (6th Cir. 2004).

## II. The Section 1983 Claims

### A. Claims against U of L, the Board of Trustees, and the Council on Postsecondary Education

The Sixth Circuit does not recognize direct constitutional claims because 42 U.S.C. § 1983 "is the exclusive remedy for the alleged constitutional violations" by state actors. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a "person"

acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will*, 491 U.S. at 70-71. The University of Louisville is a state institution. *Martin v. Univ. of Louisville*, 541 F.2d 1171, 1174 (6th Cir. 1976); *cf. Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993) (holding that the University of Kentucky is an arm of the state). Thus, U of L, its Board of Trustees, and the Kentucky Council on Postsecondary Education are not subject to suit under § 1983, since none of them are "persons" under that law. *See Stewart v. Barnhart*, 2005 WL 3088543, at *4-*5 (W.D.Ky. Nov. 14, 2005).

Moreover, under the Eleventh Amendment to the United States Constitution, this court retains no jurisdiction over claims asserted directly against the Commonwealth or its instrumentalities for monetary remedies. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429-431 (1997); *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974); *Martin*, 541 F.2d at 1173-1174. Likewise, a claim for prospective relief, such as an injunction, from a state and its agencies is also barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 781-782 (1978). Therefore, Campbell's § 1983 claims seeking monetary remedies and prospective relief from U of L, the U of L Board of Trustees, and the Kentucky Council on Postsecondary Education must all be dismissed. *See Martin*, 541 F.2d at 1176-1177; *Stewart*, 2005 WL 3088543, at *5.

B. Claims against Billingsley

Campbell does not specify in his complaint in what capacity–individual, official, or both–he is suing Billingsley. Where a complaint is unclear regarding whether a state official is being sued in his individual or official capacity, the Sixth Circuit "employ[s] a 'course of

proceedings' test to ascertain whether a § 1983 defendant was on notice that the plaintiff intended to hold him or her personally liable, notwithstanding the plaintiff's failure to provide explicit notice." *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003). Under that inquiry, courts "consider the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims for qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability," as well as whether subsequent pleadings put the defendant on notice of the capacity in which he or she was being sued. *Id.* (quoting *Shepherd v. Wellman*, 313 F.3d 963, 968 (6th Cir. 2002)).

  Campbell's intention to sue Billingsley in his official capacity appears to be quite clear. By the same token, there was not sufficient indicia in Campbell's pleadings to have put Billingsley on notice that he was being sued in his individual capacity. Campbell's initial complaint and amended complaints identified Billingsley in the caption by his name and official title, University Associate Provost. Further, paragraph 4 of the complaint states, "Defendants[] University of Louisville, University of Louisville Board of Trustees, and Dale Billingsley are and w[ere] at all times pertinent to the allegations to this Complaint an instrumentality of the Commonwealth of Kentucky," and further listed all three defendants as having the same principal address. From that point on in his complaint, Campbell refers to the defendants collectively, never stating anywhere in the complaint any actions Billingsley individually took that aggrieved Campbell. Notably, too, while Campbell later filed a first amended complaint to add state-law claims and a second amended complaint to add the Commonwealth and the Council on Postsecondary Education as defendants, he never sought to clarify in which capacity

he was suing Billingsley, nor did he clarify what individual actions Billingsley took for which he should be held individually liable. Finally, when Billingsley moved, along with U of L and the Board of Trustees, for summary judgment, he raised no claim that he was entitled to qualified immunity, which is yet further indication that he was not adequately notified that he was being sued in his individual capacity. *Rodgers v. Banks*, 344 F.3d 587 at 594.

In his response to Billingsley's motion for summary judgment, Campbell, for the first time ever, identified actions Billingsley took for which Campbell believed he should be held liable. Specifically, Campbell argued that Billingsley should be held liable for purportedly failing to properly train appeals officers and committee members in how to perform their responsibilities, as well as for discretionary acts that violated clearly established constitutional rights. That language suggests Campbell's desire to hold Billingsley individually liable. However, as noted above, in his amended complaints, Campbell failed to specify any of those acts or failures to act that he now suggests would lead to Billingsley's liability. "A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996); *Suppacheewa v. Madisonville Cmty. Coll.*, 2010 WL 3981224, at *8 (W.D.Ky. Oct. 8, 2010); *see Tucker v. Union of Neeedletrades, Indus., and Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005). In short, Campbell never provided sufficient indicia to Billingsley that he was seeking to hold Billingsley individually liable, much less did he provide notice of the actions for which he sought to hold Billingsley individually liable. Thus this court will address only whether Campbell has a basis for suing Billingsley in his official capacity.[1]

---

[1] Further, Campbell completely failed to support with any exhibits or evidence the allegations
continue...

A claim against a state official in his or her official capacity is, "in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, a state official in his or her official capacity is not a "person" who can be sued for monetary relief under § 1983, and is also entitled to sovereign immunity in suits for money damages under § 1983. *Will*, 491 U.S. at 71; *Graham*, 473 U.S. at 166-167; *Stewart*, 2005 WL 3088543, at *5. Therefore, Campbell's claims against Billingsley for monetary damages will be dismissed.

Further, while a claim for an injunction can be maintained against a state official acting in his or her official capacity, *Ex parte Young*, 209 U.S. 123 (1908), a plaintiff must have standing to advance such a claim. *Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983). To demonstrate standing, a plaintiff has the burden of demonstrating that he or she has "suffered injury in fact, that the injury is fairly traceable to the actions of the defendant, and that the injury will likely be redressed by a favorable decision." *Bennett v. Spear*, 520 U.S. 154, 162 (1997) (internal quotation marks omitted). Thus, to have standing to seek an injunction against purportedly illegal future conduct by a state official, a plaintiff must show a "real and immediate threat" of injury; past exposure to illegal conduct, by itself, is insufficient. *Los Angeles v. Lyons*, 461 U.S. at102-103, 105 (citing *O'Shea v. Littleton*, 414 U.S. 488 (1974)).

Campbell has not demonstrated that he faces any "real and immediate threat" of injury from future applications of the Guidelines by defendant Billingsley. He has not, for instance,

---

[1]...continue
he made against Billingsley in his response to the defendants' motion for summary judgment. Thus, even assuming arguendo that Campbell had provided sufficient notice that he intended to sue Billingsley in his individual capacity, he has not pointed to a shred of evidence to show what actions or omissions by Billingsley could lead to such individual liability. That is also fatal to Campbell's claims for relief from Billingsley. *Jackim v. Sam's East, Inc.*, 378 F. App'x 556, 563 (6th Cir. 2010).

alleged that he would be enrolling at U of L in the future, nor has he alleged that, if he did enroll there, he would be denied in-state residency status. Instead, Campbell has claimed nothing more than that prior applications of the Guidelines unconstitutionally resulted in his being declared an out-of-state resident. Thus, Campbell does not have standing to seek an injunction against future applications of the Guidelines, and his prayers for declaratory relief and an injunction will accordingly be dismissed.

### III. The State-Law Claims

In his complaint, as amended, Campbell alleged state-law claims against U of L for breach of contract and fraud. In particular, Campbell alleged that he and U of L had entered into a contract when he accepted U of L's offer to attend the law school. Supposedly, the terms of the contract required U of L to provide him in-state tuition status if he established his residence in Kentucky. Campbell claimed that, by refusing to grant him in-state resident tuition status, U of L had breached the contract. As for his fraud claim, Campbell alleged that U of L had made false representations to Campbell that he would be granted the in-state resident tuition rate if he established his residence in Kentucky, and those false representations induced him to enter the contract with U of L.

However, this court is without the power to adjudicate Campbell's claims that U of L violated state law. The Eleventh Amendment prohibits federal courts from adjudicating state-law claims filed against a state in federal court. *Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106, 117 (1984). As noted above, U of L is an instrumentality of the state, and thus is entitled to the protection of the Eleventh Amendment. *Martin*, 541 F.2d at 1174. Therefore, absent a clear waiver by the state of

immunity to suit in federal court for claims for breach of contract and fraud, Campbell's state-law claims against U of L must be dismissed. *See Sossamon v. Texas*, 131 S.Ct. 1651, 1657-1658 (2011) (state's waiver of immunity from federal-court jurisdiction will not be implied, but instead requires an unequivocal expression by the state).

Here, while the state has waived its immunity for claims pertaining to written contracts, it has done so only for actions brought in Franklin County, Kentucky, Circuit Court. KRS § 45A.245. Since the state has not waived its sovereign immunity for contract actions brought in federal court, Campbell's claim for breach of contract must be dismissed. *See Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999) ("[A] State does not consent to suit in federal court merely by consenting to suit in the courts of its own creation."). Moreover, the state's waiver of sovereign immunity for contract claims applies only to claims premised on *written* contracts. *Id.*; *Commonwealth v. Whitworth*, 74 S.W.3d 695, 699-700 (Ky. 2002). However, Campbell has not provided this court with evidence of any written contract between him and U of L that lays forth the particular contract term that he claims the university breached. Since the state has not waived its immunity to breach of contract suits in federal courts, nor has it waived its immunity to claims, like Campbell's, premised on alleged oral promises, Campbell's breach of contract claim against U of L must be dismissed.

Likewise, Campbell has not pointed to any waiver by the state of its immunity to suit in federal court for tort claims. Thus U of L is entitled to sovereign immunity for Campbell's fraud claim. *See Jackson v. Murray States University*, 2011 WL 2746826, at *2 (W.D.Ky July 13, 2011) (tort claims against state university and its officials dismissed on sovereign immunity grounds); *VIBO Corp., Inc. v. Conway*, 2012 WL 555492, at *11 (6th Cir. Feb. 22, 2012)

(dismissing state-law fraud claim against state attorneys general acting in their official capacities on basis of sovereign immunity).

Finally, this court notes that U of L is the only defendant against whom Campbell has properly lodged his state-law breach of contract and fraud claims. In his second amended complaint, Campbell identified U of L by name in the counts for those two claims, without identifying any other defendant. Nevertheless, in his response to the defendants' motion for summary judgment, Campbell identifies Billingsley and Assistant Dean Jack Cox as "possibl[y]" being "responsible for the fraud," and maintains that he can sue Billingsley and Cox in their individual capacity in federal court for the fraud. As noted above, a "plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Shanahan*, 82 F.3d at 781; *Suppacheewa v. Madisonville Cmty. Coll.*, 2010 WL 3981224, at *8; *see Tucker*, 407 F.3d at 788. Not only did Campbell fail to properly include Billingsley as a defendant for the state-law claims and fail to provide sufficient notice to Billingsley that he was suing Billingsley in his individual capacity, but Campbell also failed to name Cox as a defendant at all. Indeed, Campbell's pleadings do not even mention Cox once. Thus, this court need not address Campbell's arguments concerning Billingsley's and Cox's individual liability for fraud.[2]

### IV. Plaintiff's Motion for a Hearing

---

[2] This court further notes that Campbell did not meet the particularity standard required by Rule 9(b) of the Federal Rules of Civil Procedure for alleging fraud by either Billingsley or Cox in his pleadings. With respect to Cox, as noted in the main text, Campbell failed to even name him as a defendant, much less did Campbell specify "with particularity the circumstances constituting fraud" on his part. And, although Campbell named Billingsley as a defendant, he did not provide any indication in his pleadings of what Billingsley did or said that would constitute fraud. Having failed to allege in his complaint any fraudulent statement made by either Cox or Billingsley, Campbell's fraud claim with respect to both defendants would have to be dismissed, even had Campbell actually named them as defendants in that count. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563-564 (6th Cir. 2003) (dismissing fraud claim under Rule 9(b) where plaintiff failed to "identify specific parties, contracts, or fraudulent acts").

Campbell has requested a hearing on the defendants' motion for summary judgment. However, "dispositive motions are routinely decided on papers filed by the parties, without oral arguments." *Scott v. Metro. Health Corp.*, 234 F. App'x 341 (6th Cir. 2007). Here, both parties have adequately briefed the issues before the court, and the court does not need oral argument to decide the motion. Thus, Campbell's motion for a hearing will be denied.

## CONCLUSION

For the foregoing reasons, the defendants' motions for summary judgment and for judgment on the pleadings will be granted, and the plaintiff's motion for a hearing on the summary judgment motion will be denied.

A separate order will issue in accordance with this opinion.

March 1, 2012

Charles R. Simpson III, Judge
United States District Court